

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2008

# Kenneth Speight v. H. Sims

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2038

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kenneth Speight v. H. Sims" (2008). *2008 Decisions.* Paper 951.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/951

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-234                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2038
_____

KENNETH EUGENE SPEIGHT,
                                                    Appellant

v.

H. SIMS; A. FOURA; J. DOE; D. SALAMY; M. PICERNO; and GILBERTSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-0064)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 19, 2008

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Opinion filed    June 30, 2008 )
_____

OPINION
_____

PER CURIAM

Kenneth E. Speight, a prisoner proceeding pro se, appeals orders of the United

States District Court for the Middle District of Pennsylvania dismissing his complaint in

1

part and granting summary judgment to the defendants. Speight, currently incarcerated at FCI McKean, filed a <u>Bivens</u> complaint against Bureau of Prisons ("BOP") officials, alleging that defendants falsified information in his file in order to influence his custody classification, forced him to share cells with inmates having a known history of violence, which led to multiple assaults, retaliated against him by transferring him to a higher security penitentiary, and interfered with the grievance process. We will summarily affirm.

Speight was incarcerated at FCI Ray Brook in New York for several years, until his transfer in 2002. During that time, Speight alleges, defendants D. Salamy and M. Picerno, case managers, and Gilbertson, a psychologist, falsified information in his file regarding his disciplinary history. This false information led to an inflated classification score and Speight's placement in higher security units. This ultimately led him to be housed with, and victimized by, prisoners with known histories of violence.

In 2002, prison officials transferred Speight to FCI Allenwood in White Deer, Pennsylvania. Speight alleges that, at FCI Allenwood, defendants H. Sims, the unit manager, and A. Foura, a case manager, further falsified Speight's file. These falsifications resulted in Speight's placement in a high security unit, where he was housed with a violent inmate who assaulted him on February 28, 2005. Speight complained of the inaccurate information in his file, and defendants assured him that they would correct any inaccuracies. Speight later discovered that defendants had not made any corrections.

2

On September 28, 2006, Speight filed a grievance with respect to Sims' and Foura's alleged misconduct. The BOP returned the grievance to him, and it contained a handwritten note, purportedly signed by Speight, stating that he wished to withdraw the grievance. The BOP's Central Office denied the grievance appeal on the basis of Speight's decision to withdraw, stating, "If you wish to appeal this issue, you must start the appeal process at the institution level." Speight then filed a separate grievance stating that he never withdrew his prior grievance, and that defendant J. Doe, an unknown grievance officer, forged his signature in order to thwart the grievance process. The prison denied that grievance after the BOP analyzed Speight's signature and determined that the signature was authentic, not forged. Speight also alleges that Sims and Foura retaliated against him for filing suit in June 2004 by transferring him from a federal correctional institution to a higher security penitentiary, USP Allenwood.

The District Court dismissed Speight's claims against defendants Salamy, Picerno and Gilbertson at FCI Ray Brook on the basis of the statute of limitations, and dismissed Speight's claim against defendant Doe on the ground that Speight had no liberty interest in an effective grievance process. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). The District Court remanded the remainder of the case for further proceedings, and defendants Sims and Foura moved for summary judgment. The District Court granted summary judgment on the ground that Speight had failed to exhaust his

3

administrative remedies, and Speight appealed.

We agree with the District Court's dismissal of the claims against defendants Salamy, Picerno and Gilbertson. Although the statute of limitations is an affirmative defense, the District Court may *sua sponte* dismiss a claim on that basis if the defense is evident from the face of the complaint. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002) (*sua sponte* dismissal inappropriate "unless the basis is apparent from the face of the complaint."). The statute of limitations for a § 1983 claim brought in New York is three years. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). Speight alleges that Salamy, Picerno and Gilbertson falsified his file at FCI Ray Brook in New York in 1998, 1999 and 2002.[1] Speight does not allege that he lacked knowledge or the ability to know of the harms at the time they occurred.[2] Accordingly, he has not alleged any basis for tolling the statute of limitations, and his claims against these defendants are time-barred.[3]

[1] Speight was transferred from Ray Brook in 2002, so any acts of falsification at Ray Brook necessarily occurred before that time.

[2] In his objections to the Magistrate Judge's report recommending dismissal under § 1915(e), Speight asserts that the false information placed in his file in the late 1990s remains in his file and constitutes a continuing violation, such that the "statute of limitations has not yet begun to run . . . ." Speight does not allege that the defendants have consistently falsified his file over time; instead, he complains of a few sporadic events at two different facilities. Therefore, the continuing violation theory does not apply. See McAleese v. Brennan, 483 F.3d 206, 218 (3d Cir. 2007).

[3] For the same reason, Speight's claim that unspecified officials at FCI Ray Brook were deliberately indifferent to his safety when they housed him in a cell with an inmate with a known propensity for violence is also time-barred. After the District Court dismissed Speight's claims against Salamy, Picerno and Gilbertson, Speight filed a motion for leave to file an amended complaint. The District Court did not abuse its discretion in denying

We also agree that summary judgment was proper on the basis of Speight's failure to exhaust. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust the administrative remedies available in prison prior to filing a lawsuit. Woodford v. Ngo, 548 U.S. 81, 88 (2006). The PLRA requires "proper" exhaustion, meaning that an inmate must exhaust his administrative remedies in compliance with the applicable prison regulations. Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). The BOP requires an inmate to seek informal resolution of his concerns, after which he may file a formal grievance if his unit team fails to provide a satisfactory response. 28 C.F.R. § 542.13-14. The inmate may appeal to the Regional Director, and then to the Central Office. 28 C.F.R. § 542.15. If the Central Office denies his appeal, the inmate may file a lawsuit.

Speight alleges that he attempted to exhaust his claim disputing his custody classification, caused by Sims' and Foura's falsifications, by filing a grievance on September 28, 2006. Speight alleges that defendant Doe forged his signature on a request to "withdraw" the grievance, and that Doe's forgery denied him access to the courts by precluding him from satisfying the PLRA's exhaustion requirements. The record demonstrates that BOP officials rejected Speight's grievance appeal, but that they gave Speight the opportunity to appeal his custody classification starting at the institutional

---

him leave to amend because Speight cannot overcome the statute of limitations bar as to Salamy, Picerno and Gilbertson. Winer Family Trust v Queen, 503 F.3d 319, 330-31 (3d Cir. 2007); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Moreover, the proposed amended complaint attached to his motion does not differ materially from the initial complaint.

5

level.  Speight failed to do so.[4]  Therefore, the District Court properly concluded that Speight had not exhausted this claim against Sims and Foura, and granted summary judgment.

We disagree with the District Court's construction of Speight's claim against Doe, as Speight alleges that Doe's conduct violated Speight's First Amendment right to access to the courts, not his right to due process.  Regardless, a claim of denial of access to the courts would be meritless because the record demonstrates that the BOP gave Speight an opportunity to appeal his grievance regarding his custody classification, and he failed to do so.  Therefore, Speight's own inaction – and not Doe's alleged forgery – precluded him from satisfying the requirements of the PLRA.[5]

---

[4]In his opposition to defendants' motion for summary judgment, Speight submitted copies of numerous grievances he filed regarding inaccuracies in his file, and defendants' failure to correct them.  (Pl.'s Opp., Ex. M).  The BOP requires an inmate to appeal his grievance to the agency's Central Office in order to fully exhaust his administrative remedies.  See 28 C.F.R. § 542.15.  Speight contends that he did not appeal because defendants agreed to correct the inaccuracies in his file.  Speight asserts that he did not learn until a later time that the incorrect information had not been corrected.  Once Speight learned that the information had not been corrected, however, he was obligated to file a grievance to attempt to resolve his concerns.  He began the process by seeking informal resolution of his concerns, followed by filing a grievance dated September 28, 2006.  This grievance was then purportedly withdrawn, and Speight failed to appeal.

[5]Speight also alleges that the defendants placed him in a cell with an inmate with a known history of violence, who assaulted him on February 28, 2005, at FCI Allenwood.  The defendants and the District Court did not construe the complaint as stating a free-standing Eighth Amendment claim arising out of the assault.  Instead, they construed the allegations of assault as related to Sims' and Foura's alleged acts of falsification.  On this view, Sims' and Foura's acts of falsification led to Speight's placement in a high security facility, where he was housed with and beaten by a violent inmate.  To the extent that Speight's Eighth Amendment claim arises out of his claim that Sims and Foura falsified

Finally, the undisputed evidence demonstrates, and Speight concedes, that he failed to exhaust his administrative remedies with respect to his retaliation claim. The District Court properly granted summary judgment as to that claim.

For the foregoing reasons, we will summarily affirm the District Court's orders.

---

his file, the District Court correctly determined that Speight failed to exhaust the claim. To the extent that Speight sought to assert a free-standing Eighth Amendment claim, we note that Speight could have asserted, but did not assert, such a claim either in his opposition to summary judgment, or in his objections to the Magistrate Judge's report recommending summary judgment. Speight has also demonstrated his familiarity with the practice of naming "Doe" defendants, and we have no basis for believing that Speight intended to name additional defendants, but that he simply did not know their identities.